Homer B. Ramsey, Esq. Id. No.: 042661997
David William Tyler, Esq. Id. No.: 025542000
CHASE KURSHAN HERZFELD & RUBIN, LLC
354 Eisenhower Parkway, Plaza I, Suite 1100
Livingston, NJ 07039
(973) 535-8840
Attorneys for Defendant Subaru of Indiana Automotive, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BROOKS DAVIS,<br><br>                    Plaintiff,<br>vs.<br><br>SUBARU CORPORATION, a Japanese Corporation; SUBARU OF AMERICA, INC., a New Jersey Corporation, NORTH AMERICAN SUBARU, INC., a New Jersey Corporation SUBARU RESEARCH & DEVELOPMENT, INC., a California Corporation; SUBARU OF INDIANA AUTOMOTIVE, INC., an Indiana Corporation, JOHN DOE, INC. (1-10), ABC, INC. (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied a vehicle or a component to a vehicle involved in this accident), and XYZ, INC. (1-10) (fictitious names representing a class of as yet unknown individuals, corporations, or partnerships who sold, marketed, maintained, manufactured, designed, and/or supplied component parts in the subject vehicle which caused, contributed to, or worsened plaintiff's injuries),<br><br>                    Defendants, | Civil Action No.: _____<br><br>Document Filed Electronically<br><br>**NOTICE OF**<br>**REMOVAL** |

To:   BLUME FORTE FRIED ZERRES & MOLINARI
       A Professional Corporation
       One Main Street
       Chatham, New Jersey 07928
       (973) 635-5400

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
       COURT FOR THE DISTRICT OF NEW JERSEY

1

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C §§ 1332(a), 1441, and 1446, Defendant Subaru of Indiana Automotive, Inc. ("SIA"), by and through its undersigned attorneys, hereby gives notice of removal of this civil action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County, Docket Number ESX-L-2490-18. As grounds for removal, SIA states as follows:

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

- Brooks Davis:
  74 Colt Place
  Bailey, Colorado 80421[1]

- Subaru Corporation:
  Ebisu Subaru Bldg. 1-20-8
  Ebisu, Shibuyaku, Tokyo 150-8554

- Subaru of America, Inc.:
  One Subaru Drive
  Camden, New Jersey 08103

- North American Subaru, Inc.:
  One Subaru Drive
  Camden, New Jersey 08103

- Subaru Research & Development, Inc.:
  3995 Research Park Drive
  Ann Arbor, Michigan 48108

- Subaru of Indiana Automotive, Inc.:
  5500 Indiana 38
  Lafayette, Indiana 47905

---

[1] Plaintiff's Complaint does not set forth Plaintiff's address or residence. However, the New Jersey Superior Court efile system indicates Plaintiff listed her address as 74 Colt Place, Bailey, Colorado 80421 (See **Exhibit A**). Accordingly, this is Plaintiff's address, upon information and belief.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

2.      On April 9, 2018, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Essex County.

3.      SIA was served with process on April 18, 2018.

4.      Subaru of America, Inc. ("SOA") was served with process on April 18, 2018.

5.      North American Subaru, Inc. ("NASI") was served with process on April 19, 2018.

6.      Subaru Research & Development, Inc. ("SRD") was served with process on April 19, 2018.

7.      The Complaint seeks damages for injuries allegedly sustained by Plaintiff Brooks Davis in a September 6, 2016 motor vehicle collision on or near Interstate Highway 80 in Elko County, Nevada.

8.      Plaintiff alleges that at the time of the collision, he was seated in a Subaru Baja "believed to be a model year 2003 and believed to bear vehicle identification number 4S4BT62C737113140" (the "Baja").

9.      Plaintiff pleads this as a product liability action, alleging that for various reasons the Baja contributed to the occurrence of the collision and the severity of Plaintiff's injuries allegedly sustained therein, "including but not limited to catastrophic spinal cord injuries, pain and suffering, emotional distress, trauma, mental anguish, permanent physical impairment, and disfigurement."

10.     Upon information and belief, as of this filing, SIA, SOA, NASI and SRD are the only Defendants that have been served with process. Annexed hereto collectively as **Exhibit B**

are Notices of Consent to Removal of Action executed on behalf of SOA, NASI, and SRD. No other consent to removal is required.

## II. COMPLIANCE WITH REMOVAL STATUTE

11. This Notice of Removal ("Notice") is properly filed under 28 U.S.C. § 1441(a) and 1446(a) in the United States District Court for the District of New Jersey because this Federal judicial district encompasses Essex County, New Jersey.

12. This Notice is being filed within thirty (30) days after SIA received a copy of the Complaint filed by Plaintiff in the Superior Court of New Jersey, Essex County, Law Division.

13. SIA received the Complaint on April 18, 2018. True and complete copies of the filed Proofs of Service, Summons and Complaint, and Track Assignment Notice, are annexed hereto collectively as **Exhibit C**, together with the following documents served therewith: Jury Demand, Designation of Trial Counsel, Demand for Insurance, Demand for Interrogatories and Certification. Exhibit C comprises all documents filed in the state court action as of this date. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of service upon SIA.

14. SIA has not filed a responsive pleading in the action commenced by Plaintiff, and no other proceedings have transpired in the action.

15. The other named defendants that have been served with process have all consented to removal of this action. 28 U.S.C. §1446(b)(2)(A). Further, the consents of John Doe, Inc. (1-10), ABC, Inc., and XYZ, INC. (1-10) are not required because they are merely nominal/fictitious defendants. *American Asset Finance, LLC v. Corea Firm*, 821 F. Supp.2d 698, 699–700 (D.N.J. 2011) (explaining that rule of unanimity of consent to removal does not apply where the non-joining party is a nominal party).

16. SIA's Rule 7.1 Disclosure Statement is being filed contemporaneously with this Notice.

17. Promptly after filing this Notice with the District Court for the District of New Jersey, a copy of this Notice, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the Superior Court of New Jersey, Essex County, Law Division pursuant to 28 U.S.C. § 1446(d). A copy of both documents will also be served upon Plaintiff. A copy of the Notice of Fling of Notice of Removal notifying the Clerk of the New Jersey Superior Court, Essex County, Law Division, of removal from state court, is annexed hereto as **Exhibit D.**

18. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

### A. Complete Diversity Exists Between all Parties

19. The citizenship of individuals is determined by their state of residency for the purpose of determining diversity jurisdiction. *Park v. Tsiavos*, 165 F. Supp. 3d 191, 198–99 (D.N.J. 2016) ("For purposes of diversity jurisdiction, citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'") (quoting *Vlandis v. Kline*, 412 U.S. 441, 454, (1973)), aff'd, 679 Fed. Appx. 120 (3d Cir. 2017)).

20. For purposes of establishing diversity jurisdiction, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated, and of the state or foreign state where it has its principal place of business. 28 USCS § 1332.

21.  Plaintiff is a citizen of the state of Colorado, upon information and belief.[2]

22.  SIA is incorporated in the state of Indiana and has its principal place of business in Lafayette, Indiana.

23.  Subaru Corporation is incorporated in Japan and has its principal place of business in Japan.

24.  SOA is incorporated in the state of New Jersey and has its principal place of business in Camden, New Jersey.

25.  NASI is incorporated in the state of New Jersey and has its principal place of business in Camden, New Jersey.

26.  SRD is incorporated in the state of California and has its principal place of business in Ann Arbor, Michigan.

27.  There is complete diversity between Plaintiff and the Defendants in this action.

**B.  The Amount in Controversy Exceeds $75,000.**

28.  Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

29.  Pursuant to New Jersey practice, Plaintiff did not demand any specific amount of money damages in the Complaint. *See,* N.J.R.C.P. 4:5-2 ("If unliquidated money damages are claimed in any court . . . the pleading shall demand damages generally without specifying the amount.").

30.  Because New Jersey practice prohibits demands for specific amounts of unliquidated money damages, SIA is authorized to assert the amount in controversy in this

---

[2] As indicated above, Plaintiff's filing with the New Jersey Superior Court efile system sets forth his address in Colorado.

Notice. *See*, 28 U.S.C. §1446(c)(2)(A)(ii) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]")

31. Given that Plaintiff is attempting to recover the costs associated with injuries allegedly caused by his motor vehicle collision including, *inter alia*, catastrophic spinal cord injuries, pain and suffering, emotional distress, trauma, mental anguish, permanent physical impairment, and disfigurement – as well as punitive damages and costs of suit – the amount in controversy exceeds $75,000. *See generally, Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (explaining that removing defendant need only make a "short and plain statement of the grounds for removal," including that the amount in controversy requirement is satisfied, analogous to the Rule 8 pleading standard).

32. Accordingly, this matter satisfies 28 U.S.C. § 1332(a)(1) because the amount in controversy ostensibly exceeds $75,000 and there is complete diversity of citizenship between the parties.

33. SIA files this Notice without waiving any defenses to the claims asserted and damages demanded by Plaintiff.

**WHEREFORE,** Defendant Subaru of Indiana Automotive, Inc. respectfully requests that this action be duly removed from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Dated: May 17, 2018

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 Eisenhower Parkway, Plaza I, Suite 1100
Livingston, NJ 07039
(973) 535-8840
Attorneys for Defendant
Subaru of Indiana Automotive, Inc.

By: s/ *Homer B. Ramsey*
　　　Homer B. Ramsey, Esq.